**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HEDI SALHI,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-09-0072** |
| v. : | |
| : | *(Judge Caputo)* |
| **THOMAS DECKER,** : | |
| : | |
| Respondent : | |

*O R D E R*

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On January 15, 2009, Hedi Salhi, a native and citizen of Tunisia, and a detainee of U.S. Immigration and Customs Enforcement ("ICE"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued post-final-order detention in accordance with *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). On January 25, 2009, a Show Cause Order was issued directing Respondent to respond to the Petition. (Doc. 6.) On March 6, 2009, Salhi's copy of that order was returned to the Court with a notation that Salhi was no longer at the York County Prison and that no forwarding address was available. (*See* Doc. 9, Returned Envelope.) The Court has confirmed with the ICE litigation coordinator for the York

County Prison that Petition was removed from the United States to his native country of Tunisia on January 30, 2009, thereby rending the Petition (doc. 1) moot.

When a habeas petitioner has been released from custody after filing a petition, the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). This means that throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). As Salhi does not challenge his final order of removal via his petition, but rather only his continued detention, and he now has been afforded the relief he sought from this Court, his action is now moot. *See Purveegiin v. Chertoff,* 282 Fed. Appx. 149 (3d Cir. 2008)(affirming district court's dismissal of ICE detainee's § 2241 petition challenge his continued detention during removal proceedings as moot based on petitioner's removal).

**AND NOW,** this **10th** day of **March, 2009,** it is ordered that**:**

1. The petition for writ of habeas corpus (doc. 1) is dismissed as moot.

2. The Clerk of Court is directed to close this file.

                s/ A. Richard Caputo
                **A. RICHARD CAPUTO**
                **United States District Judge**